IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN W. SMITH**<br>**Plaintiff**<br><br>vs.<br><br>**BETHEL TOWNSHIP and**<br>**JOHN L. CAIRO, JR.** | **CIVIL ACTION**<br>No.<br><br>Delaware County<br>Civil Action No. 11-002412<br><br>**(JURY DEMANDED)** |

## NOTICE OF REMOVAL

### TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

1.  Plaintiff, John Smith, commenced a civil action by filing a Summons and thereafter a Complaint filed on or about April 28, 2011 in the Court of Common Pleas of Delaware County. Petitioners are defendants in this civil action brought by plaintiff.

2.  Attached hereto as Exhibit "A" is a true and correct copy of plaintiff's complaint which is being removed to federal court pursuant to the provisions of 28 U.S.C. §§1441 and 1443. Plaintiff therein reports being a citizen of Delaware County, Pennsylvania residing at all times in Boothwyn, Pennsylvania.

3.  Defendant Bethel Township is a local agency and the Township and Police Chief John L. Cairo are municipal defendants with a principal place of business at 1092 Bethel Road, Garnet Valley, Pa. 19061.

4.  This lawsuit is removable from the Delaware County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania pursuant

to 28 U.S.C. §§1331; 1441(b) and 1443, in that actions brought pursuant to 42 U.S.C. §1983 may be removed to federal Court. See Gottlieb v. Laurel Highlands School District, 272 F.3d 168 (3d Cir. 2001).

5. In his complaint, plaintiff raises a federal constitutional claim in that he alleges that the defendants violated his civil rights under the First Amendment of the United States Constitution..

6. Bethel Township and its Police Chief John L. Cairo, Jr. are the named defendants represented by the undersigned counsel and request removal of the case from the Court of Common Pleas of Delaware County to the Federal Eastern District Court for the Eastern District of Pennsylvania.

7. This notice is timely filed within thirty (30) days of notice of Plaintiff's Complaint, which was filed in the Northampton County Court of Common Pleas on April 27, 2011 and served upon the defendants on April 28, 2011.

WHEREFORE, Petitioners place the court on notice that the instant matter Presently docketed at No. 11-002412, has been removed from the Court of Common Pleas of Delaware County to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Suzanne McDonough, Esquire
**Holsten & Associates**
One Olive Street
Media, PA 19063
610-627-8307

Date___5-4-11_____              Attorney for Bethel Township and John L. Cairo, Jr.

2

## CERTIFICATE OF SERVICE

I, Suzanne McDonough, Esquire, counsel for Defendants Bethel Township and John L. Cairo, Jr. state that a true and correct copy of the within Notice of Removal was served upon the following individual via First Class Mail, this 4th day of May, 2011.

>Michael J. Hawley, Esquire
>**MANDRACCHIS & McWHIRK, LLC**
>2024 Cressman Road, P.O. Box 1229
>Skippack, Pa.   19474-1229

>Respectfully submitted,
>**HOLSTEN & ASSOCIATES**
>
>SMM2371
>
>_____
>Suzanne McDonough, ESQUIRE
>Attorney ID No. 29394
>**One Olive Street**
>**Media, PA  19063**
>**(610) 627-8307**
>**Attorney for Defendants, Bethel Township and John L. Cairo, Jr.**

# EXHIBIT "A"

| | |
|---|---|
| **MANDRACCHIA & McWHIRK, LLC.**<br>MICHAEL J. HAWLEY, ESQUIRE<br>ATTORNEY I.D. #: 72818<br>2024 CRESSMAN ROAD, P.O. BOX 1229<br>SKIPPACK, PA 19474-1229<br>(610) 584-0700 | ATTORNEYS FOR PLAINTIFF<br> |
| JOHN W. SMITH<br>1910 Bergdoll Avenue<br>Boothwyn, PA 19061<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BETHEL TWONSHIP and<br>JOHN L. CAIRO, JR.<br>1092 Bethel Road<br>Garnet Valley, PA 19061<br><br>　　　　　Defendants. | COURT OF COMMON PLEAS<br><br>DELAWARE COUNTY, PA<br><br>CIVIL ACTION - LAW<br><br>NO. 11-002412<br><br><br><br>JURY TRIAL DEMANDED |

## NOTICE TO DEFEND

　　You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

　　YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYER REFERENCE SERVICE**
**DELAWARE COUNTY BAR ASSOCIATION**
335 West Front Street, P.O. Box 466
Media, Pennsylvania 19063-0466
(610) 566-6627

| | |
|---|---|
| **MANDRACCHIA & McWHIRK, LLC.**<br>MICHAEL J. HAWLEY, ESQUIRE<br>ATTORNEY I.D. #: 72818<br>2024 CRESSMAN ROAD, P.O. BOX 1229<br>SKIPPACK, PA 19474-1229<br>(610) 584-0700 | **ATTORNEYS FOR PLAINTIFF** |

| | | |
|---|---|---|
| JOHN W. SMITH<br>1910 Bergdoll Avenue<br>Boothwyn, PA 19061 | : | COURT OF COMMON PLEAS |
| | : | |
| | : | DELAWARE COUNTY, PA |
| Plaintiff, | : | |
| | : | CIVIL ACTION - LAW |
| v. | : | |
| | : | NO. 11-002412 |
| BETHEL TWONSHIP and<br>JOHN L. CAIRO, JR.<br>1092 Bethel Road<br>Garnet Valley, PA 19061 | : | |
| | : | JURY TRIAL DEMANDED |
| Defendants. | | |

## COMPLAINT

AND NOW comes Plaintiff John W. Smith, by and through undersigned counsel, and by way of Complaint against the Defendants, and each of them, avers and says:

1. Plaintiff, John W. Smith, ("Plaintiff") is an adult individual domiciled in the Commonwealth of Pennsylvania residing at all times relevant herein at 1910 Bergdoll Avenue, Boothwyn, Delaware County, Pennsylvania.

2. Defendant Bethel Township ("Defendant Bethel") is a municipal entity/political subdivision organized and existing under the laws of the Commonwealth of Pennsylvania having a place of business at1092 Bethel Road, Garnet valley, Bethel Township, Delaware County, Pennsylvania.

3. Defendant John L. Cairo, Jr.,("Defendant Cairo") is, upon information and belief, an adult individual employed by Defendant Bethel, at all times relevant herein, as the Chief of Police of and for the Bethel Township Police Department, with an office at 1092 Bethel Road, Garnet Valley, Bethel Township, Delaware County, Pennsylvania.

4. Venue in this court is appropriate in that both Defendants have offices and principal places of business located in Delaware County, and all matters complained of herein occurred within the physical confines of Delaware County.

## COUNT I- PLAINTIFF v. BETHEL TOWNSHIP-WRONGFUL TERMINATION

5.  The allegations set forth in paragraphs 1-4 preceding are incorporated herein by reference as if fully set forth at length.

6.  In or about calendar year 2003, Plaintiff was duly hired by Defendant Bethel as a sworn police officer, and at that time began his employment in Bethel Township on a part-time at-will basis and in that capacity satisfactorily performed all duties assigned to him during the tenure of his employment.

7.  In or about January 2009, Defendant Bethel named and appointed Defendant Cairo as Chief of Police of Bethel Township Police Department.

8.  Also in or about January 2009, concurrent with the appointment of Defendant Cairo, Defendant Bethel terminated the employment of a number of Bethel Township police officers and, that of a supervising Sergeant who had served with the department for more than twenty-five (25) years, all of this without just or valid cause.

9.  As a direct and proximate cause of the aforesaid terminations, Plaintiff obtained and communicated information from various sources to the members of the police department regarding the potential formation of a formal organized entity, specifically a "union" so as to protect the employment rights and interests of the remaining members of the Bethel Township Police Department.

10. In response to Plaintiff's aforesaid efforts to unionize the police department Defendant Bethel, by and through its representative/agent/servant/employee L. Michael George, then a township supervisor and presently the Chief Executive Officer of and for Defendant Bethel, began a deliberate course of harassment and intimidation against Plaintiff including, but not limited to a statement in which Mr. George publically vowed to disband the police department if efforts to unionize it were successful.

11. On or about April 2, 2009, Plaintiff's position of employment with the Bethel Township Police Department was terminated.

12. At that time Defendant Bethel gave Plaintiff no valid, reasonable or legitimate explanation for his termination.

13. Plaintiff was at all times prior to his termination capable and qualified to perform his job and did so satisfactorily.

14. The Plaintiff's discharge on or about April 2, 2009, was arbitrary, capricious and without good cause, and was, upon information and belief, an unlawful act of retaliation taken against Plaintiff due to his union organization efforts.

15. As a direct and proximate result of the foregoing the Plaintiff has been injured and damaged by loss of his employment, earnings, and other benefits.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Bethel in an amount in excess of $50,000.00 plus interest, costs and attorney's fees, and all other relief deemed just and equitable.

## COUNT II- PLAINTIFF v. BETHEL TOWNSHIP- BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

16. The allegations contained in paragraphs 1-15 preceding and inclusive are incorporated herein by reference as if fully set forth at length.

17. Defendant Bethel's actions as aforesaid above constitute a breach of the covenant of good faith and fair dealing which Defendant Bethel owed Plaintiff.

18. As a direct and proximate result of defendant's actions plaintiff has suffered and continues to suffer a loss of employment, along with lost wages and other benefits.

WHEREFORE, Plaintiff John W. Smith demands judgment in his favor in an amount in excess of $50,000, together with an award of costs, interest and attorney's fees, and all other relief deemed just and equitable.

## COUNT III- PLAINTIFF V. BETHEL TOWNSHIP- WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

19. The allegations set forth in paragraphs 1-18 inclusive and preceding are incorporated herein by reference as if fully set forth at length.

20. Plaintiff was informed by Defendant Bethel and/or agents/servants/employees/ officers thereof that if he did not cease and desist all union organization activities, he and others similarly situated would suffer sanctions.

21. Plaintiff, at all times relevant, was opposed to the acts of Defendant as aforesaid with regard to the improper and unlawful termination of the employment of Bethel Township police officers, as he was and is an individual sensitive to the need to protect his fellow members of the police department from improper, unlawful and politically motivated acts.

22. Plaintiff was fired by Defendant solely because of his attempts to provide information to members of the subject police department regarding the organization of a union bargaining unit.

23. Plaintiff's statements and actions regarding the potential formation of a police union constitute expressions by Plaintiff of speech on public issues.

24. Freedom of speech on public issues is constitutionally protected by the 1st Amendment of both the Pennsylvania and United States Constitutions.

25. The actions of Defendant Bethel as aforesaid in firing Plaintiff for exercising his right of free speech abridges a significant and recognized public policy, specifically the policy of the Commonwealth and the United States in favor of free speech.

26. As a direct result of the actions of Defendant Bethel as aforesaid, Plaintiff has suffered serious and continuing injury, including but not limited to a loss of employment, and lost income and benefits.

27. The actions of Defendant Bethel were willful and malicious, and were undertaken for the purpose of depriving Plaintiff of his constitutionally protected rights.

WHEREFORE, Plaintiff John W. Smith demands judgment in his favor and against Defendant Bethel Township in a sum in excess of $50,000.00, exclusive of an award of punitive damages, as well as costs, interest and attorney's fees and all other relief deemed just and equitable.

### COUNT IV- PLAINTIFF v. JOHN L. CAIRO, JR.-WRONGFUL TERMINATION

28. The allegations set forth in paragraphs 1-27 preceding are incorporated herein by reference as if fully set forth at length.

29. In or about January 2009, Defendant Bethel named and appointed Defendant Cairo as Chief of Police of Bethel Township Police Department.

30. Also in or about January 2009, Defendant Cairo, effected and facilitated the termination of employment of a number of Bethel Township police officers and, that of a supervising Sergeant who had served with the department for more than twenty-five (25) years, all of this based upon personal animus.

31. As a direct and proximate cause of the aforesaid terminations, Plaintiff obtained and communicated information from various sources to the members of the police department regarding the potential formation of a formal organized entity, specifically a "union" so as to protect the employment rights and interests of the remaining members of the Bethel Township Police Department.

32. In response to Plaintiff's aforesaid efforts to unionize the police department Defendant Cairo began a personal, unwarranted and deliberate course of harassment and intimidation against Plaintiff.

33. On or about April 2, 2009, Plaintiff's position of employment with the Bethel Township Police Department was terminated by and through the acts of Defendant Cairo.

34.  At that time Defendant Cairo did not give Plaintiff any valid, reasonable or legitimate explanation for his termination.

35.  Plaintiff was at all times prior to his termination capable and qualified to perform his job and did so satisfactorily.

36.  The Plaintiff's discharge on or about April 2, 2009, was arbitrary, capricious and without good cause, and was, upon information and belief, an unlawful act of retaliation taken against Plaintiff by Defendant Cairo due to his union organization efforts, well as to Defendant Cairo's personal animus toward Plaintiff.

37.  As a direct and proximate result of the foregoing the Plaintiff has been injured and damaged by loss of his employment, earnings, and other benefits.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Cairo in an amount in excess of $50,000.00 plus interest, costs and attorney's fees, and all other relief deemed just and equitable.

## COUNT V- PLAINTIFF V. JOHN L. CAIRO, JR. - WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

38.  The allegations set forth in paragraphs 1-37 inclusive and preceding are incorporated herein by reference as if fully set forth at length.

39.  Plaintiff was informed by Defendant Cairo that if he did not cease and desist all union organization activities, he and others similarly situated would suffer sanctions.

40.  Plaintiff, at all times relevant, was opposed to the acts of Defendant Cairo as aforesaid with regard to the improper and unlawful termination of the employment of Bethel Township police officers, as he was and is an individual sensitive to the need to protect his fellow members of the police department from improper, unlawful and politically and personally motivated acts.

41.  Plaintiff was fired via Defendant Cairo because of his attempts to provide information to members of the subject police department regarding the organization of a union bargaining unit as well as because of an unwarranted personal bias Defendant Cairo holds toward Plaintiff.

42.  Plaintiff's statements and actions regarding the potential formation of a police union constitute expressions by Plaintiff of speech on public issues.

43.  Freedom of speech on public issues is constitutionally protected by the 1st Amendment of both the Pennsylvania and United States Constitutions.

44. The actions of Defendant Cairo as aforesaid in facilitating the firing of Plaintiff for exercising his right of free speech abridges a significant and recognized public policy, specifically the policy of the Commonwealth and the United States in favor of free speech.

45. As a direct result of the actions of Defendant Cairo as aforesaid, Plaintiff has suffered serious and continuing injury, including but not limited to a loss of employment, and lost income and benefits.

46. The actions of Defendant Cairo were willful and malicious, and were undertaken for the purpose of depriving Plaintiff of his constitutionally protected rights.

WHEREFORE, Plaintiff John W. Smith demands judgment in his favor and against Defendant John L. Cairo, Jr. in a sum in excess of $50,000.00, exclusive of an award of punitive damages, as well as costs, interest and attorney's fees and all other relief deemed just and equitable.

Respectfully submitted:

MANDRACCHIA & MCWHIRK, LLC.
BY: MICHAEL J. HAWLEY, ESQUIRE
ATTORNEY I.D. #: 72818
2024 CRESSMAN ROAD
P.O. BOX 1229
SKIPPACK, PA 19474-1229
(610) 584-0700

## VERIFICATION

I, John W. Smith, Plaintiff in the foregoing matter, hereby verify that the statements made in the within Complaint in Support are true and correct to the best of my information knowledge and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities.

_____
John W. Smith

DATED: 4-27-2011

## CERTIFICATE OF SERVICE

I hereby certify that I have, this day, served/caused to be served a true and correct copy of the foregoing materials, via First Class Mail, postage pre-paid, upon:

Stephen A. Durham, Esquire
320 West Front Street
Media, PA 19063

And

Suzanne McDonough, Esquire
One South Olive Street
Media, PA 19063

**MANDRACCHIA & MCWHIRK, LLC.**

BY: _____
MICHAEL J. HAWLEY, ESQUIRE

Dated: April 27, 2011